The opinion of the court was delivered by
Bermudez, C. J.
This is an application for a mandamus, to compel the Recorder of Conveyances for the parish of Orleans to cancel from his boohs several inscriptions purporting to show ownership of certain real estate in this city, in various persons, made co-defendants.
*490 The relator was met by an exception to the form of proceeding, to a want of cause of action, and eventually a denial of right.
From an adverse judgment this appeal lies.
In order to succeed, the relator ought to have established:
1. That, having a valid cause, he had presented his claim for cancellation to the Recorder of Conveyances.
2. That it was-the ministerial duty of that officer to have made the erasures, which he arbitrarily declined.
The grounds relied on by the relator are, substantially: That he was once the owner of a certain lot and buildings thereon, which long ago he had transferred to the city of New Orleans, who presently owns the same; that since said transfer certain parties have, under judgments rendered against him, seized it and became the adjudicatees; that one of them, or his representatives, is in possession of it and enjoys the revenues yielded by it; that the judicial sales made to said' parties are radical nullities, because no writ of any kind could have been lawfully levied on said property as his, while it stood publicly recorded in the name of the city, etc.
It is manifest that, from his own statement, the plaintiff has. no interest and discloses no cause of action, as he has ceased to be the owner and is vested with no mandate to champion the rights of the city, which, if they be trod upon, will have the privilege of revendípation.
Conceding, however, that he has some interest, it is evident that ;his action is palpably one in disguise, to , annul the titles standing in the name of others to real estate, and upon which the court -.necessarily would have to pass, for the inscriptions could not be .canceled unless the titles were previously pronounced bad.
The present proceeding is nothing but a rule against a public offi.cer to compel him to perform an alleged ministerial function.
Although it be true that, for the purpose of giving a clear title -to a purchaser of property at a judicial sale, a motion to show cause ■is permissible against the parties in whose favor mortgage inscriptions exist, the rule, which is not inflexible, does not apply to parties in whose favor inscriptions appear on the Conveyance books.
Jn relation to the summary proceeding for the cancellation of mortgage inscriptions, it has been well said that the object is to compel the creditor, claiming an apparent charge, to vindicate his right, but not to oblige him to litigate it in the action in which he *491 is called to answer, if he have a right to proceed in another form, or before another forum. Bank vs. Delery, 2 An. 650, and other •cases.
The reason is manifest that, while the Oonrt may order the erasure, it does not necessarily have to pass' on the claim or mortgage rights of the party, for, usually, it relegates both to the proceeds — the validity of the same to be subsequently determined — while in cases of cancellation of inscriptions from the Conveyance books, no such reference can take place, as the Court, previous to orderingthe erasure, must have to pronounce the titles invalid.
It would be monstrous to coerce the parties to appear on mere notice, in a controversy which, in form, is summary, and in substance has all the emblems of a real action, to litigate their titles in that hasty way.
The proper practice would be to proceed against the parties regularly, and, if desirable, to connect the Recorder of Conveyances with the proceeding.
Engrafting ordinary suits, in which titles to real estate are involved, on a summary proceeding, against an officer to require the execution of a ministerial duty, is not allowable. In such cases the defendants who would be entitled to a trial by jury, could be debarred ■of it.
We are authorized to take judicial notice of our own decisions. Poland vs. Chicago R. R. Co., 42 An. p. — . Under thatassumption we can not ignore and know that it appears by proceedings . brought in this court by Raymond, upon which we have rendered an opinion and decree, that he has taken steps in the lower court to oust the Billgery heirs from this same property. State ex rel. Raymond vs. Judge, 41 An. 951.
The present proceeding against the Recorder of Conveyances appears to be a subterfuge, to accomplish indirectly, if possible, that which could only be done and has been undertaken directly.
Had the plaintiff already obtained final and executory judgments, contradictorily with such parties, recognizing his pretensions and decreeing the cancellation of the inscriptions in question, and had he presented the same to the Recorder of Conveyances, with a demand for erasure, and had the latter refused, without good cause, to expunge the inscription, the plaintiff would have had the right to complain and would have obtained redress; but he has not established *492 any such grievance and, in the absence of such showing, or the like, he can not obtain the relief which he seeks.
Surely, the Recorder is not at fault and the objections set up by the parties really in interest were properly sustained.
Judgment affirmed.